**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

In re: LUZ MARINA PETRUZZELLI

Case No: 16-15395-AJC
Chapter 13

Debtor /

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim Sands Pointe Ocean beach Resort Condominium Association, Inc. (the "Association"). Lender is a condominium association incorporated under the laws of the State of Florida. The Association holds a lien recorded at OR Book 29242 Pages 4810 - 4811 in the official records of Miami-Dade County, Florida.

2. The real property is located at 16711 Collins Avenue, Unit 1007, North Miami Beach, FL 33160, and is more particularly described as follows:

Folio No. 31-2211-061-1570
Condominium Unit No. 1007 in Sands Pointe Ocean Beach
Condominium and Resort, according to the Declaration

thereof, recorded July 5, 1996 under Clerk's File No. 96R-294744 in Official Records Book 17264, Page 2010, of the Public Records of Miami-Dade County, Florida, as amended and/or supplemented from time to time.

3. At the time of the filing of this case, the value of the real property is $980,000.00 as determined by MLS.

4. Nationstar Mortgage holds a lien on the real property, senior to priority to the Association, securing claims in the aggregate amount of $1,027,967.96.

5. *(Select only one):*

 X  The Association's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of the Association, the value of the Association's secured interest in the real property is $0. The Association's arrears are unsecured and the debtors shall continue to make monthly condominium association payments outside of the Chapter 13 plan.

___ Association's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of the Association, there is equity of $ ______remaining in the real property. Accordingly, the value of Association's secured interest in the real property is $ _______________and the value of the Association's unsecured, deficiency claim is $ ______.

6. The undersigned reviewed the docket and claims register and states (select only one):

 X  The Association has not filed a proof of claim in this case. The trustee shall not disburse any payments to the Association unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

___ The Association filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Association's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if the Association's secured interest in the real property is determined to be $0, deeming the Association's arrears on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

Timothy S. Kingcade, Esq.
Kingcade & Garcia, P.A.
1370 Coral Way, Miami, FL 33145
Phone: 305-285-9100
Email: scanner@miamibankruptcy.com